Cullinan vs. City of New Orleans.

## No. 5861.

### WILLIAM CULLINAN ET AL. VS. CITY OF NEW ORLEANS.

Section sixty-nine of an ordinance of the city of New Orleans entitled "An ordinance to establish the rate of licenses for professions, callings, and other business, and for carriages, hacks, drays, and other vehicles, for the year 1875," is the authority relied on by defendant to levy a license tax on the vehicles owned by plaintiffs severally, and for seizing the same for non-payment—which seizure is enjoined by said plaintiffs.

That portion of section sixty-nine which relates to the subject of this controversy is in conflict with article 118 of the constitution, as the tax for the license is in proportion to the number of vehicles and the number of horses used to draw them, and not upon the business or vocation, nor is it upon the value of the property, if it be intended as a property tax.

As for the other sums claimed by the city in reconvention, as being taxes levied under said ordinance upon the vocation or business of the plaintiffs, they amount to only one hundred dollars against each plaintiff. This claim, therefore, is not within the jurisdiction of this court, the legality of the tax as to that matter not being called in question.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.* Thomas J. Cooley, for plaintiffs and appellees. *Samuel P. Blanc,* Assistant City Attorney, for defendant and appellant.

HOWELL, J. The plaintiffs have joined in a suit enjoining the city of New Orleans from collecting a license tax on the vehicles owned by them severally, or seizing the same for non-payment of said license, on the ground that the ordinance imposing the said license tax is unconstitutional for want of uniformity.

The city reconvened, and asked judgment for the taxes enjoined, and for other sums levied under said ordinance upon the business or vocation of the plaintiffs.

The title of the ordinance is "An ordinance to establish the rate of licenses for professions, callings, and for other business, and for carriages, hacks, drays, and other vehicles, for the year 1875."

The portion of section sixty-nine relating to the subject is as follows: "The owner or owners of vehicles used in the way of business for transportation of goods, wares, and any articles and materials, shall pay the following sums per annum for licenses: On every express or transfer wagon, dray, or cart, drawn by one horse only, ten dollars; by two or more horses, twenty dollars; on every float, drawn by one horse only, fifteen dollars; by two or more horses, twenty-five dollars. * * * On every four-wheel spring wagon, drawn by one horse only, ten dollars; by two or more horses, fifteen dollars. On every beer wagon, fifteen dollars."

Under the authority of the State vs. Endover, 23 An. 663, these provisions are in conflict with article 118 of the constitution, as the tax for the license is in proportion to the number of vehicles and the number of horses used to draw them, and not upon the business or vocation, nor is

it upon the value of the property, if it be intended as a property tax. See 23 An. 449; 23 An. 726; 24 An. 112; 26 An. 140.

That part of the reconventional demand for the additional sum of one hundred dollars against each plaintiff is not within our jurisdiction, the legality of the tax not being called in question.

·Judgment affirmed.

Rehearing refused.